**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | |
|---|---|
| MICHAEL EDWARDS,<br><br>            Plaintiff,<br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC,<br>EQUIFAX INFORMATION SERVICES, LLC,<br>TRANS UNION, LLC, and BMW FINANCIAL<br>SERVICES N.A., LLC,<br><br>            Defendants, | **Civil Action Number:** 2:24-cv-21<br><br><br><br>**COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff MICHAEL EDWARDS ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant EXPERIAN INFORMATION SOLUTIONS, INC ("Experian"), Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), Defendant TRANS UNION, LLC ("Transunion"), and Defendant BMW FINANCIAL SERVICES N.A., LLC ("BMW"), collectively referred to as "Defendants", and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## PREMLIMINARY STATEMENT

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

## JURISDICTION & VENUE

2.      The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1391(b)(3) being that the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

4.      Joinder in this district is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

## PARTIES AND SERVICE

### Plaintiff Michael Edwards

5.      Plaintiff is a resident of Terrell County, Texas, which is located in this district.

6.      At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

### Defendant Experian Information Solutions, Inc.

8.      Defendant Experian is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, TX, 75201.

9.      At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for

the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

11.    At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

## Defendant Equifax Information Services, LLC

12.    Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

13.    At all times material hereto, Equifax is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

14.    At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## Defendant Trans Union, LLC

15.    Defendant Trans Union is a "Consumer Reporting Agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion may be served with process upon THE PRENTICE-HALL CORPORATION SYSTEM, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

16.    At all times material hereto, Transunion is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning

consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

17.     At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

**BMW Financial Services N.A., LLC**

18.     Defendant BMW is a "Person" as defined by 15 U.S.C. § 1681a(b) and conducts substantial and regular business activities in this judicial district. BMW may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

19.     At all times material hereto, Defendant BMW is a person who routinely furnishes information concerning Consumers and their debts to Consumer Reporting Agencies for the purpose of publishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(d).

## FACTUAL ALLEGATIONS

**Background**

20.     Prior to September 2023, Plaintiff obtained an automobile installment loan (the "Account") with Defendant BMW to purchase a vehicle (the "Car").

21.     Prior to September 2023, Defendant BMW began furnishing the Account to Defendants Experian, Equifax and Transunion (the "CRAs"), and the CRAs began publishing the Account on Plaintiff's consumer reports.

22.     Plaintiff made timely and routine payments to the Account.

23.     Plaintiff had a car insurance policy protecting the Car.

24.     In September 2023, Plaintiff was a victim of a drunk driving car accident (the "Accident") while driving the Car.

25.     The Accident resulted in the Car being declared a total loss by Plaintiff's insurance company and finding the other driver at fault.

26.     Plaintiff's insurance company paid off the balance owed to Defendant BMW in full.

27.     In October 2023, Plaintiff obtained copies of his consumer reports published by Defendants Experian, Equifax, and Transunion and discovered that Defendant BMW had furnished a false and erroneous "charged off" status and $45,440 balance on the Account.

28.     In October 2023, Plaintiff called Defendant BMW's customer support line and was informed that Defendant BMW would not correct the false or erroneous reporting of the Account from "charged off" with a $45,440 balance to "paid and closed" with a $0 balance despite payout by the insurance company.

29.     Defendant BMW continued to report false or erroneous information to Defendants Experian, Equifax, and Transunion (the "CRAs"), and the CRAs continued to falsely or erroneously publish that the Account was "charged off" with a $45,440 balance even though the Account was paid in full by Plaintiff's insurance company.

**<u>Defendant BMW's violations of 1692s-2(b)</u>**

20.     In October 2023, the Plaintiff obtained a copy of his Experian, Equifax, and Transunion consumer reports and discovered that Defendant BMW had incorrectly furnished the Account as "charged off" with a false remaining balance of $45,440.

21.     The false and erroneous reporting by Defendant BMW severely affected Plaintiff's creditworthiness and reputation.

22.     Plaintiff called Defendant BMW's customer support line and was informed that due to the Car being a total loss, Defendant BMW's company policy is to report the Account as "charged off".

**First Dispute**

23.    In October 2023, Plaintiff disputed the Account with the CRAs, detailing the inaccuracy of the Account and attaching supporting documents that include proof of the payoff of the Account and his identifying documents.

24.    The Consumer Reporting Agencies forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant BMW.

25.    Despite BMW receiving the dispute, ACDVs, and accompanying documents, Defendant BMW conducted a superficial investigation and reported back to the Consumer Reporting Agencies that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

26.    Defendant BMW did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

27.    Defendant BMW negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

**Second Dispute**

28.    On November 8, 2023, Plaintiff disputed the Account with the Defendant Experian, detailing the inaccuracy of the Account and attaching supporting documents that included proof of the payoff of the Account and his identifying documents.

29.    Defendant Experian forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant BMW.

30.     Despite BMW receiving the dispute, ACDVs, and accompanying documents, Defendant BMW conducted a superficial investigation and reported back to the Defendant Experian that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

31.     Defendant BMW did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

32.     Defendant BMW negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

33.     Defendant BMW did not correct or delete the inaccurate and erroneous information relating to the Account but continued to report false and erroneous information to the Consumer Reporting Agencies.

34.     As a result of the inaccurate information relating to the Account remaining on Plaintiff's consumer reports, Plaintiff was denied credit opportunities and will continue to be harmed and injured by Defendant BMW's erroneous and inaccurate reporting for up to 7 years.

35.     Due to Defendant BMW's negligent or willful failure to conduct a reasonable investigation the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

36.     For these reasons, Defendant BMW willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s-2(b).

**Defendant Experian's violation of 1681i**

37.    Defendant Experian reported the Account with a false and erroneous $45,440 balance and "charged off" status.

38.    The consumer report falsely indicated that the Account was charged off with a high balance of $45,440, which severely affected Plaintiff's creditworthiness and reputation.

**First Dispute**

39.    In October 2023, Plaintiff disputed the Account with Defendant Experian, detailing the inaccuracies and attaching supporting documents including proof of the payoff of the Account and his identifying documents.

40.    Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant BMW or review the supplied documentation provided by Plaintiff.

41.    Instead, Defendant Experian relied on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

42.    It is averred that Defendant Experian did nothing more than parrot Defendant BMW.

43.    On November 8, 2023, Defendant Experian sent Plaintiff a cursory response stating that the disputed Account was verified as accurate and would remain on Plaintiff's consumer report with an erroneous balance and "charge off" status.

44.    Plaintiff was subsequently denied for credit opportunities citing poor credit as reasoning for the denial.

**Second Dispute**

45.    In November 2023, Plaintiff disputed the Account with Defendant Experian, detailing the inaccuracies and attaching supporting documents including proof of the error, a copy of his driver's license, evidence of his social security number, and proof of address.

46.     Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant BMW or review the supplied documentation provided by Plaintiff.

47.     Instead, Defendant Experian relied on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

48.     It is averred that Defendant Experian did nothing more than parrot Defendant BMW.

49.     On December 4, 2023, Defendant Experian sent Plaintiff a cursory response stating that the disputed Account was verified as accurate and would remain on Plaintiff's consumer report with an erroneous balance and "charge off" status.

50.     Plaintiff was subsequently denied for credit opportunities citing poor credit as reasoning for the denial.

51.     To this date Defendant Experian continues to publish false and erroneous information relating to the Account on Plaintiff's Experian consumer reports.

52.     Defendant Experian failed to promptly delete or correct the inaccurate information relating to the Account.

53.     The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

54.     Due to Defendant Experian's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

55.     Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian's violation of 1681e(b)**

56.     Defendant Experian did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account's balance and "charge off" status.

57.     Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

58.     Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving disputes from the Plaintiff relating to his consumer report and Account.

59.     Defendant Experian's failure to take adequate steps to verify information before Experian included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

60.     Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

61.     Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Equifax's violation of 1681i**

62.     Defendant Equifax reported the Account with a false and erroneous $45,440 balance and "charged off" status.

63.     The consumer report falsely indicated that the Account was charged off, severely affecting Plaintiff's creditworthiness and reputation.

64.     In October 2023, Plaintiff disputed the Account with Defendant Equifax, detailing the inaccuracies and attaching supporting documents including proof of the payoff of the Account and his identifying documents.

65.     Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact Defendant BMW or review the supplied documentation provided by Plaintiff.

66.     Instead, Defendant Equifax relied on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

67.     It is averred that Defendant Equifax did nothing more than parrot Defendant BMW.

68.     On November 7, 2023, Defendant Equifax sent Plaintiff a cursory response stating that the disputed Account was verified as accurate and would remain on Plaintiff's consumer report with an erroneous "charge off" status.

69.     Plaintiff was subsequently denied for credit opportunities citing poor credit as reasoning for the denial.

70.     To this date Defendant Equifax continues to publish false and erroneous information relating to the Account on Plaintiff's Equifax consumer reports.

71.     Defendant Equifax failed to promptly delete or correct the inaccurate information relating to the Account.

72.     The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

73.     Due to Defendant Equifax's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

74.     Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Equifax's violation of 1681e(b)**

75.     Defendant Equifax did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

76.     Defendant Equifax did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

77.     Defendant Equifax did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving dispute(s) from the Plaintiff relating to his consumer report and Account.

78.     Defendant Equifax's failure to take adequate steps to verify information before Equifax included it in the Plaintiff's consumer reports and later published the report to users, and the

false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

79.     Due to Defendant Equifax's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

80.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Transunion's violation of 1681i**

81.     Defendant Transunion reported the Account with a false and erroneous $45,440 balance and "charged off" status.

82.     The consumer report falsely indicated that the Account was charged off, severely affecting Plaintiff's creditworthiness and reputation.

83.     In October 2023, Plaintiff disputed the Account with Defendant Transunion, detailing the inaccuracies and attaching supporting documents including proof of the payoff of the Account and his identifying documents.

84.     Defendant Transunion acknowledged the receipt of Plaintiff's dispute but did not contact Defendant BMW or review the supplied documentation provided by Plaintiff.

85.     Instead, Defendant Transunion relied on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

86.     It is averred that Defendant Transunion did nothing more than parrot Defendant BMW.

87.     On November 30, 2023, Defendant Transunion sent Plaintiff a cursory response stating that the disputed Account was verified as accurate and would remain on Plaintiff's consumer report with an erroneous "charge off" status.

88.     Plaintiff was subsequently denied for credit opportunities citing poor credit as reasoning for the denial.

89.     To this date Defendant Transunion continues to publish false and erroneous information relating to the Account on Plaintiff's Transunion consumer reports.

90.     Defendant Transunion failed to promptly delete or correct the inaccurate information relating to the Account.

91.     The false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

92.     Due to Defendant Transunion's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

93.     Defendant Transunion willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Transunion's violation of 1681e(b)**

94.     Defendant Transunion did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

95.     Defendant Transunion did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

96.     Defendant Transunion did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving dispute(s) from the Plaintiff relating to his consumer report and Account.

97.     Defendant Transunion's failure to take adequate steps to verify information before Transunion included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

98.     Due to Defendant Transunion's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

99.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

### FIRST CAUSE OF ACTION
**Negligent Violation of the Fair Credit Reporting Act as to Defendant BMW**
**15 U.S.C. § 1681s-2(b)**

100.    Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

101.    This is an action for negligent violation of the FCRA 15 U.S.C. § *et seq.*

102.    Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

103.    Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

104.    The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

105.    Defendant BMW negligently violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Transunion and Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

106.    Specifically, Defendant BMW continued to falsely and erroneously report that the Account was "charged off" with a $45,440 balance.

107.    As a result of the conduct, action, and inaction of Defendant BMW, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

108.    The conduct, action, and inaction of Defendant BMW was negligent, rendering Capital One liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

109.    Plaintiff is entitled to recover costs and reasonable attorneys' fees from Defendant BMW in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

## SECOND CAUSE OF ACTION
### Willful Violation of the Fair Credit Reporting Act as to Defendant BMW
### 15 U.S.C. § 1681s-2(b)

110.    Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

111.    This is an action for willful violation of the FCRA 15 U.S.C. § *et seq*.

112.    Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

113.    Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

114.    The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

115.    Defendant BMW willfully violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Transunion and Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

116.    Specifically, Defendant BMW continued to falsely and erroneously report that the Account was "charged off" with a $45,440 balance.

117.    As a result of the conduct, action, and inaction of Defendant BMW, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

118.    The conduct, action, and inaction of Defendant BMW was negligent, rendering Capital One liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

119.    Plaintiff is entitled to recover costs and reasonable attorneys' fees from Defendant BMW in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Experian**

120.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

121.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

122.    Experian negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

123.    Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

124. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

125. The conduct, action and inaction of Experian was negligent, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

126.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

127.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

**FOURTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Experian**

128.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

129.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

130.    Experian willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

131.    Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

132.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

133.    The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

134.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

135.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**FIFTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Experian**

136.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

137.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

138.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

139.    Defendant Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA includes but is not necessarily limited to the following:

      a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

      b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

      c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

      d.   The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

      e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

      f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

     g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

     h.   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

140.   As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

141.   The conduct, action and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

142.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**<u>SIXTH CAUSE OF ACTION</u>**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Experian**

143.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

144.   This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

145.   Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

146.   Defendant Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

147.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

148.    The conduct, action and inaction of Defendant Experian was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

149.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an

amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

**SEVENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

150.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein with the same force and effect as if the same were set forth at length

herein.

151.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. §

1681 et seq.

152.    Equifax negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable

reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving

actual notice of such inaccuracies and conducting reinvestigations.

153.    Equifax has negligently failed to comply with the FCRA. The failure of Equifax to

comply with the FCRA include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding Plaintiff after a

reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which Equifax had

notice was inaccurate;

e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

154.   As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

155.   The conduct, action and inaction of Equifax was negligent, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

156.   Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

157.   **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

## EIGHTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax

158.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

159.   This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

160.   Equifax willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

161.   Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

   e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

162.  As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

163.  The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

164.  Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

165.  **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### NINTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

166.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

167.  This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

168. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

169. Defendant Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes but is not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

170.     As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

171.     The conduct, action and inaction of Defendant Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

172.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**TENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

173.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

174.     This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

175.     Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

176.     Defendant Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

177.  As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

178.  The conduct, action and inaction of Defendant Equifax was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

179.  Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

**ELEVENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Transunion**

180.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

181.   This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

182.   Transunion negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

183.   Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

184.   As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

185.   The conduct, action and inaction of Transunion was negligent, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

186.   Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

187.   **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Transunion, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

## <u>TWELFTH CAUSE OF ACTION</u>
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Transunion

188.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

189. This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

190. Transunion willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

191. Transunion has willfully failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d. The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

   e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

      h.   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

192.    As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

193.    The conduct, action and inaction of Transunion was willful, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

194.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

195.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Transunion for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRTEENTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Transunion**

196.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

197.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

198.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

199.    Defendant Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA includes but is not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.  The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

   e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

   g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

   h.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

200.    As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

201.    The conduct, action and inaction of Defendant Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

202.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**FOURTEENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Transunion**

203.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

204.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

205.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

206.    Defendant Transunion has willfully failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h. The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

207. As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

208. The conduct, action and inaction of Defendant Transunion was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

209. Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## **DEMAND FOR TRIAL BY JURY**

210. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against each Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 14, 2024                   Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

/s/ Shawn Jaffer
**Shawn Jaffer**
Bar No.: 24107817
5757 Alpha Road, Ste. 580
Dallas, TX 75240
T: (469) 589-5605
F: (888) 530-3910
E-mail: wdtx@jaffer.law
***Attorneys for Plaintiff***